IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOHN SLATE,<br>TDCJ-CID No. 664223,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECTOR, TDCJ, ET AL.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§   2:22-CV-196-Z-BR<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS COMPLAINT**

On October 7, 2022, the Clerk received for filing from John Slate a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF 3). The sole basis for the petition was that a disciplinary case against Slate had been overturned, but his custodial status had not been restored from S-4 to S-3. (*Id.*) By order signed October 11, 2022, the undersigned redesignated the petition as a civil rights complaint. (ECF 5). The order notified Slate that the proper defendant would be "R. Nelson, disciplinary charging officer," instead of Bobby Lumpkin, Director, Texas Department of Criminal Justice ("Director"), and Warden T. Martinez ("Warden"), who had been named as respondents in the petition, and instructed the clerk to modify the caption of the case to so reflect. (*Id.*) The order required Slate to file an amended complaint in accordance with the instructions provided. (*Id.*).

On October 24, 2022, the clerk received for filing Slate's amended complaint. (ECF 6). The amended complaint named Director and Warden as defendants and did not include any claims against R. Nelson, the disciplinary charging officer. Slate's claim was that although his disciplinary case had been overturned, his S-3 earning status had not been restored. As relief, he

sought "declaratory and injunctive relief plus re-embursement [sic] of attorney, filing, or any other fees for this case." He did not seek any damages. (*Id.* at 4). The Court ordered service. (ECF 13). Director and Warden filed a motion to dismiss.[1] (ECF 15). The Court, noting that it had expected a response that Slate's earning status had been restored and that the case was moot, ordered the preparation of a *Martinez* report. (ECF 16). The report was filed and, indeed, reflected that Slate's earning status had been reinstated. (ECF 21, 22). Accordingly, the Court ordered the parties to show cause why the action should not be dismissed as moot, since the only relief Slate sought had been granted. (ECF 24).

Slate has now filed a document titled "Motion for Judgment" alleging that the action is not moot because he seeks nominal and punitive damages. (ECF 25). As noted, the operative pleading does not include a claim for damages.[2] (ECF 6). But, even if it did, Slate could not prevail. First, Slate's successful grievance appeal cured any error in the disciplinary proceeding. *See Ard v. Leblanc*, 404 F. App'x 928, 929 (5th Cir. 2010); *Theard v. Cain*, 185 F. App'x 421, 422 (5th Cir. 2006). As the Fifth Circuit has stated, "The constitution demands due process, not error-free decisionmaking." *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983), *abrogated on other grounds*, *Hudson v. Palmer*, 468 US. 517 (1984). Second, the reduction in Slate's custodial status is too attenuated from his ultimate release date to invoke the procedural guarantees of the Due Process Clause in any event. *Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). And, third, Slate has not alleged any facts to show that

---

[1] Director and Warden pointed out that Slate had not alleged any facts to show that either of them was personally involved in the alleged deprivation of his rights. (ECF 15). Nevertheless, Slate never sought to amend his complaint. Nor did he ever file a response to the motion.
[2] A motion is not a pleading. *See* FED. R. CIV. P. 7. Thus, Slate's amended complaint was not amended or supplemented by his motion for default judgment (ECF 8), motion for summary judgment (ECF 17), or motion for judgment (ECF 25).

Director or Warden are liable. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

Slate has three pending motions: a motion for default judgment (ECF 18), a motion for summary judgment (ECF 17), and a motion for judgment (ECF 25). None of the motions has merit.

The Court issued its service order on March 30, 2023, giving Defendants thirty days in which to answer or otherwise respond. (ECF 13). The thirtieth day, April 29, 2023, was a Saturday. Thus, Defendants' response became due May 1, 2023. FED. R. CIV. P. 6. On that date, Defendants filed their motion to dismiss (ECF 15), which was an appropriate response to Slate's amended complaint and extended Defendants' time in which to answer. FED. R. CIV. P. 12. Defendants are not in default and, contrary to Slate's representation in his motion (ECF 18 at 1), default has not been entered by the Clerk. The motion for default judgment should be DENIED.

The motion for summary judgment is premature, but in any event fails to establish that Slate is entitled to judgment. The motion for summary judgment should be DENIED.

The motion for judgment is really a response to the Court's August 2, 2023 order to show cause and is simply mislabeled. To the extent that the document could be interpreted as a motion for judgment, it should be DENIED.

Because the undersigned is recommending that Slate's claims be dismissed for the reasons discussed above, the Defendants' motion to dismiss should simply become moot when final judgment is rendered.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Plaintiff's pending motions be DENIED, and that the claims of plaintiff, John Slate, be DISMISSED.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

Entered on August 18, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).